UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN HERNANDEZ And GREG KIGER<br>　　Plaintiffs,<br><br>　　v.<br><br>GREGG SCOTT, et.al.,<br>　　Defendants. | Case No. 18-4112 |

**OPINION**

Plaintiffs, proceeding pro se and detained in the Rushville Treatment and Detention Center, seek leave to proceed in forma pauperis. [3, 11].

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

# ALLEGATIONS

The two Plaintiffs are civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act (SVPA), 725 ILCS 207/1, *et seq*. Plaintiffs Benjamin Hernandez and Greg Kiger each allege the Behavior Committee at Rushville has violated their due process rights. The two Plaintiffs say on February 2, 2018, they were roommates living on the same unit as Resident M.D. Plaintiff Hernandez complained about the rooming assignment because Plaintiff Hernandez had a history of problems with Resident M.D. Nonetheless, Plaintiff Hernandez admits he and Resident M.D. were in the same therapy group designed for residents with learning disabilities and difficulties interacting with others.

On February 2, 2018, Plaintiff Hernandez was talking to Security Therapy Aides (STA) when Resident M.D. began making racial and threatening comments to him. The Plaintiff pushed the intercom button in his room and reported the problem. The STAs told Plaintiff Hernandez they had seen the incident, and advised him to stay where he was with the door closed.

Defendant Pennock arrived on the unit and immediately blamed Plaintiff Hernandez for the reported problem. However, after Pennock spoke with Plaintiff and other witnesses, she instead sent Resident M.D. to the Special Placement Unit which Plaintiffs claim is similar to segregation.

Nonetheless, Plaintiff Hernandez still received a notice to appear before the Behavior Committee for an incident report alleging "Disruptive Conduct or Violation of Rules or Insolence." (Comp., p. 9). Plaintiff says the notice did not provide "any

information that would allow for him to develop any type of defense by informing him who wrote the complaint against him, or what rule, or rule it was he alleged(ly) broke." (Comp., p. 8).

On February 6, 2018, Plaintiff appeared before Behavior Committee Members Shan Jumper, G. Garreon, and Pennock.  Plaintiff says despite Pennock's involvement, she was still allowed to participate as a committee member.  Plaintiff was found guilty of insolence, and his living status dropped to "general**." (Comp., p. ).**  Plaintiff says this meant a 10:00 p.m. lock-up time; required black box restraints for any transports outside the facility; and a denial of his radio, d.v.d. player, and other property.  Nonetheless, Plaintiff does not claim he was restricted to his room during the day, nor that he was denied access to the dayroom.

Plaintiff says he does not believe Resident M.D. received the same discipline.  Instead, Resident M.D. was allowed to return to the housing unit after two days in Special Placement.

Plaintiff Kiger told an STA he thought Resident M.D.'s return would lead to problems.  Plaintiff Kiger was then called to Defendant Pennock's office, sent to Special Placement, and ultimately found guilty of creating a disturbance.  Plaintiffs provide no specific information concerning Defendant Kiger's interaction with the Behavior Committee.

Instead, Plaintiffs complain that neither of them was allowed to know who wrote the disciplinary tickets, nor who was interviewed as a witness against them.  Neither Plaintiff was given the opportunity to call any witnesses on their own behalf.   Neither

3

Plaintiff was provided an advocate during the Behavior Committee even though Plaintiff Hernandez is "profoundly impacted by developmental disability." (Comp., p. 12). In addition, Plaintiffs maintain Defendant Pennock should not be allowed to serve on the Behavior Committee if she was involved in the underlying incident. Finally, Plaintiff's say they were not afforded any due process rights and they were found guilty "of non-existent offenses that dramatically impact our chances of being released." (Comp., p. 11-12).

While Plaintiffs claim the Defendants have violated their rights pursuant to the First and Fourteenth Amendments, they have only articulated due process violations. Nonetheless, "procedural due process protections are not triggered unless Plaintiff's punishment was significant enough to amount to the deprivation of a constitutionally protected liberty interest." *Brown v. Scott*, 2016 WL 10934983, at *1 (C.D. Ill. April 22, 2016). And, "[p]unishments that do not lengthen or 'substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause. *Winston v. Scott*, 718 Fed.Appx. 438, 439 (7th Cir. 2018) *quoting Miller v. Dobier*, 634 F.3d 412, 414–15 (7th Cir. 2011).

Therefore, a Rushville detainee who faces some restriction on movement or loses some privileges has failed to articulate a deprivation of a protected liberty interest. *Miller v. Dobier,* 634 F.3d 412 (7th Cir. 2011)(imposition of "close" status at the Rushville Treatment and Detention Center did not trigger procedural due process protections and there is no liberty interest in avoiding black box restraints); *see also Winston,* 718

Fed.Appx. at 439: *Willis v. Scott*, 2018 WL 772076, at *1 (C.D. Ill. February 7, 2018); *Johnson v. Louck*, 2015 WL 5462222, at *2 (C.D. Ill. Sept. 16, 2015).

Even if Plaintiffs had identified a protected liberty interest, the attachments to Plaintiffs' complaint demonstrate Defendant Hernandez was afforded the required due process protections of advance written notice of the charges, an opportunity to be heard and present evidence, and a written statement of the evidence relied upon by the decision maker. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Wilke v. Montano*, 2018 WL 1610701, at *2 (E.D.Wis April 2, 2018).

For instance, Plaintiff admits he received advanced written notice even though he claims it was insufficient. The notice clearly informed Plaintiff of the specific rule violations alleged. (Comp., 2/5/18 Notice). Plaintiff was advised the violations were based on his involvement in "an altercation w/another resident (Res. #1)" and the incident took place on February 2, 2018 at 9:15 a.m. on F Unit. (Comp., 2/5/18 Notice). In addition, the Notice informs Plaintiff that he has the option to call witnesses. (Comp., 2/5/18 Notice).

Plaintiff has also provided a copy of the Behavior Committee report. (Comp., 2/26/18 B.C. Rpt.). The document notes Plaintiff appeared in person before the committee and Plaintiff agreed he had received the notice more than 24 hours before the hearing. Plaintiff was given the opportunity to explain what happened just as he did in this complaint. The report also states Plaintiff denied he teased Resident M.D. and denied he had done anything to make the other resident angry. The report further

5

notes an unnamed witness told the committee Resident M.D. was wearing gloves and "aggressively approached" the Plaintiff. (Comp., 2/26/18 B.C. Rpt.).

Nonetheless, the committee found Plaintiff Hernandez guilty of the minor rule infraction of insolence based on Plaintiff's statement, a witness account, and a review of the security footage. The actual discipline imposed was based on the fact that Plaintiff had received his third minor rule violation.

Defendant Pennock was one of the three Behavior Committee members who found Plaintiff guilty. However, Plaintiff's own rendition of events demonstrates she was not personally involved in the underlying incident, nor did she witness the events. Instead, Defendant Pennock arrived after the incident had occurred.

The Plaintiffs have failed to articulate a due process violation.

**IT IS ORDERED:**

1) Plaintiffs' petitions to proceed in forma pauperis are denied [3, 11] because Plaintiffs fails to state a federal claim. Plaintiffs' complaint is also dismissed for failure to state a claim.

2) If Plaintiffs wishes to appeal this dismissal, they must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiffs plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

3) The clerk is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58.

ENTERED this 9th day of November, 2018.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE